Dolly COOK, Plaintiff–Appellant,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, Community School Board 24, Joseph F. Quinn, Defendants–Appellees.

No. 03–7501.

United States Court of Appeals, Second Circuit.

Feb. 3, 2004.

Richard J. Cardinale, Cardinale Hueston & Marinelli, Brooklyn NY, for Plaintiff–Appellant.

Grace Goodman, for Michael A. Cardozo, Corporation Counsel of the City of New

York, (Larry A. Sonnenshein, of counsel), for Defendants–Appellees.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AF-FIRMED.

Plaintiff-Appellant Dolly Cook appeals from a grant of summary judgment in favor of the defendants-appellees in this sex discrimination case, which Cook brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 296, 297, and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8–107, 8–502.

Cook, a former principal at P.S. 143 in New York City, alleges that, in February 1997, the superintendent of her school district, defendant-appellee Joseph F. Quinn, attempted to kiss her on the mouth. She purportedly rejected his advance, and he later apologized. She claims that because she would not submit to his sexual advances, Quinn failed to invite her to certain meetings, relocated her office to a less desirable area of the building, reduced her responsibilities, and failed to inform or consult her about important administrative decisions.

We review a grant of summary judgment *de novo*, and we resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *See Brown v. Henderson*, 257 F.3d 246, 251–52 (2d Cir.2001). Assuming *arguendo* that the adverse consequences Cook alleged were significant enough to make out a prima facie case, the plaintiff-appellant has not, for reasons given by the court below, ad-duced sufficient evidence of causation as regards her quid pro quo sexual harassment claim. Cook alleged nothing that would directly suggest a link between the purported sexual advance and the asserted consequences. Nor has Cook shown that the alleged kissing incident was sufficiently close in time to any significant adverse employment action to establish a causal connection indirectly. *See Gorman–Bakos v. Cornell Coop. Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir.2001).

Plaintiff–Appellant also cannot prevail on a hostile work environment theory. Only one overtly sex-based act is alleged here (the kissing incident), and "[i]solated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir.2002). As discussed above, no causal link was shown between the sexual advance and the alleged acts of exclusion, and none of these acts suggests sex bias in itself. There were also no allegations that Quinn treated any other women employees in a discriminatory manner. "Facially neutral incidents may be included, of course, among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex. But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." *Id.* at 378. Where, as here, there is no such basis for such a finding, the plaintiff-appellant's hostile work environment claim must fail.

We have considered all of plaintiff-appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.